**WALLING, Administrator of the Wage and Hour Division, United States Department of Labor, v. BELIKOFF et al.**

District Court, S. D. New York.

March 31, 1943.

Arthur E. Reyman, Regional Atty., U. S. Department of Labor, of New York City, for plaintiff.

Max J. Lovell, of New York City, for defendants.

HULBERT, District Judge.

Plaintiff brings this action to enjoin defendants from violating certain provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The defendants are the owners and operators of a place of business located at 13 Elizabeth Street, New York, N. Y., where, the complaint alleges, they are "engaged in the repair, rehabilitation and alteration, and hence in the production, of men's used clothing for sale and distribution"; and that substantially all of the goods produced by approximately 77 employees of the defendants "have been, and are being, shipped, delivered, transported, offered for transportation, and shipped, delivered or sold with knowledge that shipment, delivery or sale thereof in interstate commerce is intended, from defendants' said place of business to other states"; and that defendants have failed to pay the minimum wage rate set up by the wage order for the Men's and Boys' Clothing Division of the Apparel Industry.

It is contended by the defendants that the wage order is not applicable to them in as much as they are engaged only in the purchase and sale of second hand men's clothing, of which only a small part necessitated cleaning, pressing and repairing.

The Administrator seeks an order requiring the defendants to produce and permit plaintiff to inspect and copy or photograph certain records and to enter, inspect and photograph portions of defendants' premises and manufacturing processes.

The defendants oppose this application on the ground that the primary issue is whether they are subject to the requirements of the wage order and that question should be first determined.

It is apparent that plaintiff is seeking to obtain evidence to establish the burden which it must sustain on that issue under the pleadings. The motion will be granted.

The order to be entered on this motion should be settled on notice so that the defendants may have full opportunity to suggest provisions for their adequate protection.